IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PAUL LORKOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1 :20-cv-3255 |
| | ) | |
| ERB INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

Plaintiff, Paul Lorkowski, for his complaint against Defendant, ERB Industries, Inc., states the following:

### I.  Parties

1.      Plaintiff is a resident of Fishers, Indiana.

2.      Defendant is a company doing business in Marion County, Indiana.

### II.  Jurisdiction and Venue

3.      This court has jurisdiction to hear these claims pursuant to 28 U.S.C. §1331, in that the claims arise under the laws of the United States.  Specifically, Plaintiff brings this action to enforce her rights under the ADEA.

4.      Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Defendant's doing business in this District.

### III.  Factual Allegations

5.      Plaintiff began working for Defendant in September 25, 2017.

6.      Plaintiff was an employee of Defendant.

7.      Defendant hired Plaintiff as a Regional Sales Manager.

8.      Plaintiff worked for Defendant out of his home office in Fishers, Indiana.

9.      Defendant paid Plaintiff on a salary basis.

10.     Defendant terminated Plaintiff on December 12, 2019.

11.     At the time of his termination, Plaintiff had an annual salary of $89,800.00 per year.

12.     Plaintiff was 52 years old when Defendant terminated him.

13.     Plaintiff supervisor was Mr. Solum, the National Sales Manager.

14.     Starting in April 2019, Plaintiff felt as though Mr. Solum started treating him differently.

15.     Mr. Solum began making complaints about Plaintiff's age.

16.     Mr. Solum complained that Plaintiff's sales methods were "old school."

17.     Mr. Solum stated that Plaintiff lacked energy or drive to perform his job.

18.     Plaintiff insistence on using a calendar book instead of a computer calendar was called "old school" and "outdated" by Mr. Solum.

19.     Plaintiff reported Mr. Solum's behavior and comments to Human Resources.

20.     On August 23, 2019, Plaintiff had a long telephone discussion with Allison Floyd, the Director of Human Resources, regarding not wanting to sign a non-compete because Plaintiff felt like Mr. Solum was searching for a reason to fire him.

21.     During the August 23, 2019 conversation between Plaintiff and Ms. Floyd, Plaintiff told Ms. Floyd that Mr. Solum wanted to terminate him to his age and old school techniques.

22.     Plaintiff also wrote a letter to Ms. Floyd dated August 27, 2019 in which he stated that Mr. Solum was going after him due to his age and "old school" selling techniques.

23.     Despite the fact that Defendant was repeatedly put on notice of Mr. Solum's harassing behavior, it did nothing to prevent this further behavior by Mr. Solum.

24.     Despite the fact that Defendant was repeatedly put on notice of Mr. Solum's age related discriminatory conduct, Defendant did not prevent Mr. Solum from wrongfully terminating Plaintiff.

25.     Defendant discriminated against Plaintiff due to his age in violation of the ADEA.

26.     Defendant subjected Plaintiff to disparate treatment in violation of the ADEA.

27.     Defendant violated the ADEA by wrongfully terminating Plaintiff because of his age.

28.     Mr. Solum retaliated against Plaintiff for reporting his conduct to Human Resources in violation of the ADEA.

29.     Mr. Solum retaliated against Plaintiff by terminating his employment for reporting his conduct to Human Resources in violation of the ADEA.

30.     On February 18, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") complaining about these facts and making these allegations of discrimination, retaliation and disparate treatment under the ADEA.

31.     On September 22, 2020, the EEOC issued a Dismissal Notice of Rights to Plaintiff.

**Count I**
**Violations of ADEA**

32.     Plaintiff incorporates paragraphs 1 through 31 by reference herein.

33.     Plaintiff was discriminated against by Defendant in violation of ADEA.

34.     Defendant permitted Plaintiff to be discriminated against in violation of ADEA.

35.     Defendant permitted Plaintiff to be subjected to disparate treatment in violation of ADEA.

36.     Defendant permitted Plaintiff to be retaliated against in violation of ADEA.

37.     Defendant retaliated against Plaintiff in violation of ADEA.

38.     Defendant violated the ADEA by wrongfully terminating Plaintiff because of her age.

39.     Plaintiff has been damaged by Defendant's conduct.

WHEREFORE, Plaintiff prays that the Court:

A.      Enter an order awarding all actual damages of Plaintiff including back pay with interest as permitted by ADEA.

B.      Grant any and all equitable relief available to Plaintiff.

C.      Enter an order awarding Plaintiff compensatory and punitive damages.

D.      Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred.

E.      Enter an award for such other relief as may be just and appropriate.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## IV.    Jury Demand

40.     Plaintiff incorporates paragraphs 1 through 39 by reference herein.

41.     Plaintiff demands a trial by jury.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49
Attorney for Plaintiff,
Paul Lorkowski

Weldy Law
8383 Craig Street
Suite 330
Indianapolis, IN 46250
Tel: (317) 842-6600
E-mail: rweldy@weldylegal.com